UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.:

MARISSA T. JACKSON

    Plaintiff,

v.

NF PENSACOLA MANOR, LLC
d/b/a ARCADIA HEALTH &
REHABILITATION CENTER

    Defendant,
_____/

## COMPLAINT

Plaintiff MARISSA T. JACKSON, by and through undersigned counsel, hereby sues Defendant NF PENSACOLA MANOR, LLC d/b/a ARCADIA HEALTH & REHABILITATION CENTER, on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff MARISSA T. JACKSON, under 42 U.S.C. §1981 (Civil Rights Act of 1866); the Civil Rights Act of 1964, to redress the injury done to her by the Defendant's discriminatory treatment and based on her Race and Color (Black).

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended,

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

5. The venue of this action is properly placed in the Northern District of Florida, Pensacola Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Escambia County, within the jurisdiction of this Honorable Court.

## PARTIES

6. Plaintiff MARISSA T. JACKSON is a resident of Century, Escambia County, Florida, who was employed by Defendant NF PENSACOLA MANOR, LLC d/b/a ARCADIA HEALTH & REHABILITATION CENTER and is a member of certain protected classes of persons because of her Race and Color (Black).

7. Corporate Defendant NF PENSACOLA MANOR, LLC d/b/a ARCADIA HEALTH & REHABILITATION CENTER (from now on, "ARCADIA HEALTH & REHAB CENTER" or Defendant), is a profit corporation authorized to conduct business in the State of Florida, and within the jurisdiction of this Court.

8. Defendant "ARCADIA HEALTH & REHAB CENTER" was an "employer" within the meaning of Section 42 U.S.C. §1981.

9. At all times relevant to this complaint, Plaintiff MARISSA T. JACKSON was employed by ARCADIA HEALTH & REHAB CENTER, and the parties had a contractual relationship with each other.

## STATEMENT OF FACTS

10. Plaintiff MARISSA T. JACKSON is a Black female, a member of certain protected classes of persons because of her Race and Color.

11. Corporate Defendant ARCADIA HEALTH & REHAB CENTER is a nursing home and rehabilitation facility located at 10095 Hillview, Pensacola, FL 32514.

12. Defendant ARCADIA HEALTH & REHAB CENTER employed Plaintiff MARISSA T. JACKSON as a non-exempted, full-time hourly employee approximately from October 2007 to July 31, 2021, or thirteen years plus nine months.

13. Plaintiff had duties as a Certified Nurse Assistant. Plaintiff's last wage rate was $17.00 an hour.

14. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question. Plaintiff enjoyed her work taking care of the residents and comforting them in moments of need.

15. However, during the time Defendant employed Plaintiff, Plaintiff was subjected to unlawful acts of discrimination, such as harassment, hostile work environment, disparate treatment, and was further subjected to different terms and conditions of employment. Finally, Plaintiff was terminated from her position because of her Race and Color.

16. For more than 13 years, Plaintiff performed her duties without significant issue or controversy. Nevertheless, everything changed for Plaintiff after Defendant hired new Administrator Louis Petty (White female) on or about February 2021. Around the same time, a new Director of Nursing (DON), Tina Wellborn (White female), also began to work for Defendant.

17. On or about April 2021, Administrator Louis Petty approached Plaintiff and began to talk about politics. Plaintiff informed Ms. Petty that employees were not supposed to talk about politics at the workplace. Ms. Petty kept insisting and said, "That is fine, you can respond." Plaintiff told Ms. Petty that she voted for Biden; Ms. Petty began to scold Plaintiff on why she had

voted for Biden and said Plaintiff did wrong; she said Biden was not good. Then, Ms. Petty asked Plaintiff if she was part of the Black Matter movement; Plaintiff told the Administrator yes and that she also had gone to the Black Matter movement's marches to make a difference. Ms. Petty then became very angry, threw her hand up in the air, and walked away mumbling.

18. From that moment on, Administrator Louis Petty and DON Tina Wellborn began to discriminate against Plaintiff based on her Race and Color.

19. Plaintiff began to suffer a hostile working environment. Plaintiff realized that she was subjected to excessive job scrutiny and surveillance. Administrator Louis Petty and DON Tina Wellborn looked for reasons to get Plaintiff in trouble and then to have a reason to reprimand her.

20. On or about June 2021, Administrator Louis Petty and DON Tina Wellborn informed Plaintiff that they would change Plaintiff's work knowing very well that Plaintiff had a second job. Plaintiff told her superiors that the new schedule represented a hardship because she would lose her second job. Plaintiff requested Administrator Louis Petty and DON Tina Wellborn to reconsider this unfavorable change of schedule for her and explained to them her reasons. As a response, Administrator Louis Petty and DON Tina Wellborn told Plaintiff that she had until July 3, 2021, to begin working her new schedule or be terminated.

21. Plaintiff experienced anxiety and frustration. Plaintiff knew that this adverse action was not necessary; it was just a form of harassment, it was an unfair and racially motivated adverse employment action against her.

22. Plaintiff was harassed by her superiors, and she could not confront them since she needed her job and was afraid of being fired. Enduring discriminatory treatment became a condition for

continued employment with Defendant. Therefore, Plaintiff agreed to begin her new schedule as per their unjust demands

23. On or about August 02, 2021 (Monday), Plaintiff was off; DON Tina Wellborn called Plaintiff and told her that she needed to talk to her the next day (Tuesday). Then, DON Tina Wellborn accused Plaintiff of not working on Saturday. Plaintiff explained to her that she was off on Saturday, but she was contacted by staffing to come to work for a couple of hours, and she did as require.

24. DON Tina Wellborn told Plaintiff not to come to work, and they would get back to Plaintiff after they investigate.

25. During the following days, Plaintiff tried unsuccessfully to contact H.R. to inform them about DON Tina Wellborn's conduct and ask them when she could return to work. Plaintiff left H.R. a voicemail, but no one picked up the phone or contacted her.

26. On or about August 13, 2021, Plaintiff tried to log into payroll, but her access was denied.

27. Defendant ignored all the efforts made by Plaintiff to get her job back, or at least to have an explanation for her termination after almost 14 years of loyal services.

28. On or about August 02, 2021, Plaintiff was terminated by Defendant alleging pretextual reasons. Plaintiff's discharge was directly and proximately caused by Defendant's unjustified discrimination and harassment because of Plaintiff's Race and Color, in violation of both Federal and State Laws.

29. Upon information and belief, the new management fired approximately five Black employees.

30. Defendant ARCADIA HEALTH & REHAB CENTER is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the

discrimination and harassment to which Plaintiff was subjected, despite Defendant's knowledge that such discrimination and harassment was occurring.

**COUNT I:**
**VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE AND COLOR;**

31. Plaintiff MARISSA T. JACKSON re-adopts every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

32. This is an action against ARCADIA HEALTH & REHAB CENTER for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

33. At all times material, Defendant ARCADIA HEALTH & REHAB CENTER was an "employer" within the meaning of Section 42 U.S.C. §1981.

34. At all times, material hereto, Plaintiff MARISSA T. JACKSON was an "employee" and had a contractual relationship with Defendant within the meaning of 42 U.S.C. §1981.

35. Plaintiff MARISSA T. JACKSON had at all times material, and continues to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence, and to be free from racially based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of her employment at ARCADIA HEALTH & REHAB CENTER.

Defendant has intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating Plaintiff differently from similarly situated employees because of her Race and Color.

36. Defendant subjected Plaintiff MARISSA T. JACKSON to different adverse employment actions, including but not limited to the following acts and omissions: harassment, disparate

treatment, hostile work environment, and wrongful discharge.

37. Defendant subjected Plaintiff to a racially hostile work environment that seriously affected her psychological and physical well-being.

38. The hostile atmosphere that Defendant created for Plaintiff at ARCADIA HEALTH & REHAB CENTER was so severe that it culminated in Plaintiff's termination.

39. The effects of the practices referenced above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee, because of her Race and Color.

40. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under 42 U.S.C. § 1981, by treating her differently from similarly situated employees and subjecting her to racial harassment because of her Race and Color, Plaintiff has suffered damages. Her damages include back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

41. The actions of the Defendant ARCADIA HEALTH & REHAB CENTER and/or agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant ARCADIA HEALTH & REHAB CENTER for its actions and to deter it, and others, from such actions in the future.

42. Plaintiff MARISSA T. JACKSON has retained the undersigned counsel to prosecute her

claims and she is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MARISSA T. JACKSON respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MARISSA T. JACKSON and against the Defendant ARCADIA HEALTH & REHAB CENTER based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages, the costs of litigation and filing, including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

## JURY TRIAL DEMAND

Plaintiff MARISSA T. JACKSON demands a trial by jury of all issues triable as of right by jury.

Dated: May 24, 2022,

                              Respectfully submitted,

                              By: **/s/ Zandro E. Palma**
                              ZANDRO E. PALMA, P.A.
                              Florida Bar No.: 0024031
                              9100 S. Dadeland BLVD.
                              Suite 1500, Miami, FL 33156
                              Telephone: (305) 446-1500
                              Facsimile: (305) 446-1502
                              E-mail: zep@thepalmalawgroup.com
                              *Attorney for Plaintiff*